**No. 47781.**—Protest 944414–G of New York Mdse. Co., Inc. (New York).

Opinion by Tilson, J. In accordance with stipulation of counsel and on the authority of Abstract 38680 the metal banks in question, chiefly used in the household for utilitarian purposes, were held dutiable at 40 percent under paragraph 339 as claimed. It was also stipulated that the brass base shells in question are similar to those involved in *New York Merchandise Co. v. United States* (8 Cust. Ct. 209, C. D. 607). The claim that they are dutiable at 35 percent ad valorem under paragraph 353 as parts of articles having as an essential feature an electrical element or device, such as signs, was therefore sustained.

**No. 47782.**—Protest 20437–K of New York Merchandise Co., Inc. (New York).

Opinion by Tilson, J. In accordance with stipulation of counsel and on the authority of Abstract 43372 the tape measures in question were held dutiable as household utensils at 40 percent under paragraph 339. Brass base shells stipulated to be similar to those the subject of *New York Merchandise Co. v. United States* (8 Cust. Ct. 209, C. D. 607) were held dutiable at 35 percent under paragraph 353 as parts of articles having as an essential feature an electrical element or device, such as signs.

**No. 47783.**—Protest 36953–K of New York Mdse. Co., Inc. (Los Angeles).

Opinion by Tilson, J. The testimony offered was found to fall far short of establishing that the soap boxes in question are household utensils. From the record and sample the court observed that the merchandise responds to the judicial definition of hollow ware, and so held, and inasmuch as the plaintiff did not invoke the hollow ware provision the protest was overruled without affirming the action of the collector.

**No. 47784.**—Protests 994740–G, etc., of Otto H. Hinck et al. (New York).

Opinion by Kincheloe, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, DECEMBER 7, 1942.

**No. 47785.**—Protests 78786–K, etc., of Iwata Trading Co. (San Francisco).

Opinion by Keefe, J. In accordance with stipulation of counsel and on the authority of *Woolworth v. United States* (67 Treas. Dec. 638, T. D. 47647) and Abstract 34216 the claim for free entry as joss stick or joss light under paragraph 1703 was sustained.